**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

GUSTAVO ADOLFO TORO ZARRAMERA,

Petitioner,

v. No. 2:26-cv-01377-KG-JHR

MARY DE ANDA-YBARRA, *et al.*,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Gustavo Adolfo Toro Zarramera's Motion to Enforce Order Granting Habeas Petition ("Motion"), Doc. 13, the Government's Response, Doc. 14, and Petitioner's Reply, Doc. 15. For the reasons below, the Court denies the Motion.

***I. Background***

Petitioner is a native and citizen of Venezuela who was paroled into the United States for two years under the CBP One program on September 13, 2023. Doc. 1 at 6–7. Petitioner was provided notice via email on April 18, 2025, that the Department of Homeland Security ("DHS") was "exercising its discretion" to terminate his parole. *Id.* His I-94 was subsequently updated to permit his admission into the United States until April 18, 2025—five months earlier than originally permitted. *Id.*; Doc. 1-2 at 2. On November 10, 2025, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") at a check-in appointment. Doc. 13 at 3. Since then, he has remained in immigration custody and is currently detained at the Otero County Detention Center in New Mexico pending resolution of his removal order, which is currently on appeal. Doc. 13 at 3–4.

On May 5, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus ("Petition"), seeking immediate release, or, in the alternative, an individualized bond hearing. Doc. 1 at 23. Based on the above facts, the Court determined that Petitioner's detention was governed by 8 U.S.C. § 1225(b), but concluded he was entitled to a bond hearing under the Due Process Clause of the Fifth Amendment because of his substantial connections with the country. *See Toro Zarramera v. De Anda-Ybarra*, No. 2:26-cv-01377-KG-JHR, 2026 WL 1983226, at *2–4 (D.N.M. July 8, 2026). The Court granted Petition and ordered the Government to "provide Petitioner with an individualized bond hearing before an immigration judge" at which "Petitioner bears the burden of proving by a preponderance of the evidence that conditions of release would adequately address any risk of flight or danger to the community." *Id.* at *4.

On July 16, 2026, Petitioner received his Court ordered bond hearing. Doc. 13-1 at 2–3. Prior to the hearing, Petitioner presented evidence that he entered the country lawfully through a grant of humanitarian parole and complied with all prior immigration requirements, letters from his husband, employer, and friends, and a letter from his landlord, who stated she was willing to act as his sponsor and certify his address. Doc. 13 at 4; *see generally* Doc. 13-2. At the end of the hearing, the IJ denied bond. The written order stated:

> [Petitioner] entered the US without inspection in September of 2023. [Petitioner] was ordered removed during his Individual Merits hearing on July 9, 2026. The court finds that [Petitioner] is a flight risk due to his speculative relief (Pending Removal Order) and lack of US ties.

Doc. 13-1 at 2.

Petitioner's Motion challenges this denial of bond, alleging the IJ "failed to apply a standard comporting with due process and making individualized factual findings." Doc. 13 at 5. The Government opposes the Motion. *See* Doc. 14. It contends the Court lacks jurisdiction to review the IJ's discretionary decision to deny bond. *Id.* at 1–2.

## ***II. Standard of Review***

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement[.]" *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 677–78, 690 (2001).

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to noncitizens who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted[.]" This "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *1 (D.N.M. Nov. 14, 2025). By contrast, § 1226(a) authorizes the arrest and detention of noncitizens "[o]n a warrant issued by the Attorney General . . . pending a decision on whether [they are] to be removed[.]" Noncitizens detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

Federal courts lack jurisdiction to review an immigration judge's discretionary decision to deny bond:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). As the Supreme Court has repeatedly explained, § 1226(e) operates as a jurisdictional bar precluding noncitizens from "challeng[ing] a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding [their] detention or

release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (internal quotation marks omitted) (quoting *Demore v. Kim*, 538 U.S. 510, 516 (2003); *see also Nielson v. Preap*, 586, U.S. 392, 961 (2019) ("[T]his limitation [under § 1226(e)] applies to . . . discretionary decisions" and prohibits review of whether "the Government exercised its statutory authority in an unreasonable fashion."). Absent a constitutional claim or some other question of law, the Court does not have federal habeas jurisdiction to review a specific custody determination. *Olmos v. Holder*, 780 F.3d 1313, 1316 (10th Cir. 2015).

## *III. Analysis*

As an initial matter, the Court acknowledges the IJ's finding that Petitioner "entered the US without inspection" is factually incorrect. *Compare* Doc. 1 at 6, *with* Doc. 13-1 at 2. It also acknowledges the IJ's finding that Petitioner "lack[s] US ties" is inconsistent with this Court's previous finding that Petitioner "has lived here for years" and "developed communities ties[.]" *Toro Zarramera*, 2026 WL 1983226, at *2–3. And it acknowledges the IJ's written order does not address any of the evidence presented by Petitioner before the hearing. Doc. 13-1 at 2.

Nonetheless, the Court concludes it lacks jurisdiction to review the IJ's discretionary custody determination under § 1226(e) and declines to grant relief because Petitioner received the individualized bond hearing to which he was entitled. *See id.* At that hearing, the immigration judge found that Petitioner failed to carry his burden of demonstrating that he is not a flight risk. *Id.* Because nothing in the record demonstrates the hearing was otherwise unconstitutional, the IJ's findings are not subject to review by this Court. The hearing therefore satisfies this Court's prior Order. *See Toro Zarramera*, 2026 WL 1983226, at *4.

## *IV. Conclusion*

For the reasons above, Court denies the Motion to Enforce, Doc. 13.

IT IS SO ORDERED

/s/Kenneth J. Gonzales___________________
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.